19 F.3d 1438
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Johnie E. WYATT, Appellant,
v.
KINNEY SHOE CORPORATION, etc. Appellees.
 No. 93-2230WM
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 17, 1993.
Filed: April 6, 1994.
 
 Before McMILLIAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and FAGG, Circuit Judge.
 PER CURIAM.
 
 
 1
 Johnie E. Wyatt appeals the district court's grant of summary judgment in favor of Kinney Shoe Corporation and F.W. Woolworth Company (Kinney) in his employment discrimination action. Wyatt claims Kinney demoted him because of his race and age. We affirm.
 
 
 2
 Wyatt was a district manager for Kinney in the Kansas City area. After closing a large number of its shoe stores nationwide, Kinney eliminated nine management positions including Wyatt's Kansas City position. Kinney offered Wyatt a district manager position in Kinney's eastern region, but Wyatt refused to relocate. Instead, Wyatt accepted a position as the manager of a Kinney shoe store in Kansas City. Although Wyatt was guaranteed the same base pay for the first year as he would have earned as a district manager, the store manager position was considered a demotion.
 
 
 3
 The district court assumed without deciding that Wyatt had established a prima facie case of discriminatory demotion. Finding Kinney's elimination of management positions in response to store closings and Wyatt's refusal to relocate were legitimate, nondiscriminatory reasons for Wyatt's demotion, the district court granted summary judgment for Kinney. We review the district court's grant of summary judgment de novo. B.B. v. Continental Ins. Co., 8 F.3d 1288, 1291 (8th Cir. 1993). Although we agree with the district court that Kinney was entitled to summary judgment, we base our decision on Wyatt's failure to establish a prima facie case of discriminatory treatment.
 
 
 4
 To establish a prima facie case of race and age discrimination in this case, Wyatt must show (1) he was a member of a protected class, (2) he was qualified for his district manager position, (3) he was demoted, and (4) Kinney kept the position open and replaced him with a younger employee. See Holley v. Sanyo Mfg., 771 F.2d 1161, 1164 (8th Cir. 1985) (same standards apply to race and age discrimination claims). If Wyatt has failed "to establish a factual dispute on each element of the prima facie case, summary judgment is appropriate." Weber v. American Express Co., 994 F.2d 513, 515-16 (8th Cir. 1993). Because Wyatt concedes that Kinney eliminated his former district manager position in a nationwide reduction in force, Wyatt's showing that Kinney combined part of his former district with a younger white man's district is insufficient to establish the fourth requirement of his prima facie case. See Holley, 771 F.2d at 1167. Thus, the district court properly granted summary judgment on Wyatt's claim that Kinney discriminatorily demoted him.
 
 
 5
 Wyatt also contends the district court improperly dismissed his other discrimination claims of verbal abuse, lack of promotion, and decreased salary and benefits before his demotion. We have carefully considered these claims and agree with the district court that these claims are time-barred because Wyatt did not file his Equal Employment Opportunity Commission charge within 300 days of the alleged discriminatory acts. See 42 U.S.C. Sec. 2000e-5(e) (time for filing Title VII charge); 29 U.S.C. Sec. 626(d)(2) (same under Age Discrimination in Employment Act).
 
 
 6
 Accordingly, we affirm.